**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
—------------------------------------------------------------

Sheryl Menkes

     Plaintiff,

     -v.-

United States Department of Education,
     Defendant.

—------------------------------------------------------------

**<u>VERIFIED</u>**
**<u>COMPLAINT</u>**

Case No.:

RE: Account 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

## <u>INTRODUCTION</u>

1. Plaintiff, SHERYL MENKES, (Plaintiff) brings this action against the United States Department of Education ("DOE") to challenge its refusal to grant a hearing regarding the Plaintiff's assertion that their student loan was fully paid but supporting documentation was lost due to unforeseen circumstances.

2. Plaintiff seeks declaratory and injunctive relief, including an order requiring the DOE to provide a hearing and review of the disputed loan balance.

## <u>JURISDICTION AND VENUE</u>

3. This Court has jurisdiction under 28 U.S.C. § 1331, as this action arises under federal law.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e) because the Plaintiff resides in this district, and the Defendant is an agency of the United States.

## <u>PARTIES</u>

5. Plaintiff, Sheryl Menkes, is an individual residing at 344 East 85th Street, Apartment 2G, New York, New York 10028.

1

6. Defendant, the United States Department of Education, is a federal agency responsible for the administration of federal student loans.

## FACTUAL ALLEGATIONS

7. At all times hereinafter mentioned, Plaintiff obtained a federal student loan(s) from the DOE on or about **1979, 1987, 1988, and 1991.**

8. At all times hereinafter mentioned, Plaintiff fully paid the loan in or around sometime Prior to her mother's death in **1999.**

9. At all times hereinafter mentioned, Documentation proving payment was maintained at Plaintiff's Mount Vernon residence but was subsequently destroyed when squatters unlawfully occupied and damaged the property.

10. At all times hereinafter mentioned, for years, the DOE took no action to assert that a balance remained due, leading Plaintiff to reasonably believe that the loan was satisfied.

11. At all times hereinafter mentioned, Plaintiff contacted the DOE, providing all available evidence and requesting a formal hearing to dispute the alleged outstanding balance.

12. At all times hereinafter mentioned, in **2019**, the DOE issued a letter denying Plaintiff's request for a hearing.

13. At all times hereinafter mentioned, the DOE's refusal to provide a hearing violates Plaintiff's due process rights under the Fifth Amendment and applicable federal regulations governing student loan disputes.

## CLAIMS FOR RELIEF

## COUNT I – VIOLATION OF DUE PROCESS (FIFTH AMENDMENT)

14. Plaintiff incorporates all preceding paragraphs as if fully stated herein.

15. At all times hereinafter mentioned, The DOE's refusal to grant Plaintiff a hearing deprives Plaintiff of a meaningful opportunity to contest the validity of the alleged loan balance.

16. At all times hereinafter mentioned, the DOE's actions constitute a violation of the Due Process Clause of the Fifth Amendment to the United States Constitution.

## COUNT II – VIOLATION OF ADMINISTRATIVE PROCEDURE ACT (5 U.S.C. § 706)

17. Plaintiff incorporates all preceding paragraphs as if fully stated herein.

18. At all times hereinafter mentioned, the DOE's denial of a hearing is arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with the law, in violation of the Administrative Procedure Act.

## COUNT III – DOCTRINE OF LACHES

19. Plaintiff incorporates all preceding paragraphs as if fully stated herein.

20. At all times hereinafter mentioned, the DOE unreasonably delayed in asserting the existence of a loan balance, despite Plaintiff's full payment.

21. At all times hereinafter mentioned, due to this delay, Plaintiff suffered prejudice because crucial documents proving payment were lost or destroyed due to circumstances beyond Plaintiff's control.

22. At all times hereinafter mentioned, the DOE's failure to act in a timely manner has caused material harm to Plaintiff's ability to defend against the claim, making enforcement of any alleged outstanding balance unjust.

3

23. At all times hereinafter mentioned, under the equitable doctrine of laches, the DOE should be barred from attempting to collect the alleged balance.

## COUNT IV – UNJUST ENRICHMENT

24. Plaintiff incorporates all preceding paragraphs as if fully stated herein.

25. At all times hereinafter mentioned, Plaintiff has fully paid the student loan, and the DOE's attempt to collect additional amounts is unjustified.

26. At all times hereinafter mentioned, if the DOE is permitted to collect further payments on an already satisfied debt, it would be unjustly enriched at Plaintiff's expense.

27. At all times hereinafter mentioned, equity demands that the DOE be barred from further collection efforts on this debt.

## COUNT V – VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA) (15 U.S.C. § 1692 et seq.)

28. Plaintiff incorporates all preceding paragraphs as if fully stated herein.

29. At all times hereinafter mentioned, if the DOE or its agents are engaging in collection efforts through third-party debt collectors, such actions may violate the Fair Debt Collection Practices Act (FDCPA) if they attempt to collect an invalid or fully paid debt.

30. At all times hereinafter mentioned, the DOE's actions and refusal to provide a hearing amount to deceptive, unfair, or abusive debt collection practices in violation of 15 U.S.C. § 1692e and § 1692f.

31. At all times hereinafter mentioned, Plaintiff has suffered emotional distress, financial harm, and reputational damage due to the improper collection actions.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

 A. Declare that the DOE's refusal to provide a hearing violates Plaintiff's rights;

 B. Declare that the DOE's delay in asserting collection renders its claim unenforceable under the

doctrine of laches;

 C. Order the DOE to provide a hearing on the disputed loan balance;

 D. Grant any other relief the Court deems just and proper.


Dated: New York, New York
        April 9, 2025


                                        Respectfully submitted,


                                        _____
                                        Sheryl Menkes
                                        (212)-285-0900
                                        Menkes Law Firm
                                        80 Broad Street, Fl 6
                                        New York, New York 10004
                                        sherylmenkes@menkeslawfirm.com

5